IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAQUARIUS A. ROBINSON,

    Plaintiff,

v.

                                                  CASE NO: 3:17-214

ALSCO, INC.,

    Defendant.
_____

## COMPLAINT

Plaintiff, LAQUARIUS A. ROBINSON, (hereinafter referred to as "Plaintiff" or "Robinson") sues the Defendant, ALSCO, INC., (hereinafter referred to as "Defendant" or "ALSCO"), and shows as follows:

*INTRODUCTION*

1. This is an action for damages and other relief to redress the deprivation of rights secured to the Plaintiff by the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C § 2601 *et seq.,*

*JURISDICTION AND VENUE*

2. The jurisdiction of the Court over this controversy is invoked pursuant to 29 U.S.C. § 2617(a)(2).

3. The unlawful employment practices alleged below were committed in the State of Florida within the Northern District of Florida.

4.  Defendant is considered an employer within the terms and conditions of the FMLA. Defendant employs fifty (50) or more employees within 75 miles of the worksite of Plaintiff.

5.  Plaintiff worked for Defendant from on or about November 5, 2007, until her involuntary termination on April 13, 2016. Plaintiff is considered an "eligible employee" for purposes of the FMLA as she has been employed: (1) for at least 12 months by Defendant, and (2) for at least 1,250 hours of service with Defendant in the previous 12-month period.

## *PARTIES*

6.  Plaintiff, LaQuarius A. Robinson is a person entitled to the protection of the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. §§ 2611(2)(A), and is an employee within the meaning of the Act.

7.  Defendant, ALSCO, Inc., is a foreign profit corporation doing business in the State of Florida and has its principal address as 505 E. South Temple, Salt Lake City, Utah. ALSCO does business in Pensacola, Florida and maintains its place business at 2900 W Navy Blvd. Pensacola, Florida 32505.

8.  ALSCO, INC., is an employer within the meaning of the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2611(4)(A).

## *FACTS*

9.  Robinson is an African-American female. She was hired by ALSCO

on or about November 5, 2007.

10. Alsco is the worldwide leader in rental uniforms, linens, healthcare garments, floor mats, washroom supplies, and other supplies.

11. Robinson performed the duties of a "table girl." She performed her duties in an excellent manner.

12. Robinson is the mother of a disabled minor child. The child suffers from pancreatitis, cystic fibrosis, and asthma. Robinson has been on approved intermittent Family and Medical Leave to provide care for her child since, on or about April 22, 2013.

13. On April 13, 2016, called her manager and advised him that she would be in late because her son needed a breathing treatment. Her manager told her to come into the office and sign her resignation form.

14. When she came into the office on April 13, 2016, she was terminated.

*FIRST CAUSE OF ACTION*
*(FLMA Retaliation Claim)*

15. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 14 of this complaint with the same force and effect as if set forth herein.

16. Defendant unlawfully retaliated against Plaintiff by terminating her from her employment for exercising her rights under the Family and Medical Leave Act.

17. Defendant's acts were with malice and with reckless disregard for Plaintiff's federally protected rights.

18. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## SECOND CAUSE OF ACTION
*(FMLA Interference Claim)*

19. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 14 of this complaint with the same force and effect as if set forth herein.

20. Defendant unlawfully interfered with Plaintiff's rights under the Family and Medical Leave Act by refusing to allow her to take approved leave.

21. Defendant's acts were with malice and with reckless disregard for Plaintiff's federally protected rights.

22. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

WHEREFORE, the Plaintiff, LAQUARIUS A. ROBINSON, requests the Court to grant the following relief:

    a. Back pay and benefits;

    b. Reinstatement, or in lieu thereof, front pay;

c.   Liquidated damages;

d.   Attorney fees and the costs of this action.

e.   Such other and further relief as the Court deems just and proper.

*DEMAND FOR JURY TRIAL*

The Plaintiff demands a jury trial on all issues so triable.

Dated: March 31, 2017.

Respectfully submitted

*/s/ R. John Westberry, Esq.*
R. JOHN WESTBERRY, ESQ.
Florida Bar No.: 244661
Email: rjw@westconlaw.com
CLAYTON M. CONNORS, ESQ.
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
WESTBERRY & CONNORS, LLC
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Telephone: (850) 473-0401
Facsimile: (850)473-1388


Attorneys for the Plaintiff
LAQUARIUS A. ROBINSON